IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CIPRIANO G. VARELA, § | |
|     Appellant, § | |
| § | **CIVIL ACTION NO. H-06-2477** |
| v. § | |
| § | Bankruptcy Case No. 05-37623 |
| RONALD J. SOMMERS, § | Adversary No. 05-3896 |
| Trustee, § | |
|     Appellee. § | |

**MEMORANDUM AND ORDER**

Appellant Cipriano G. Varela appeals from the United States Bankruptcy Court's order granting summary judgment in favor of the Bankruptcy Trustee in an avoidance proceeding under 11 U.S.C. § 549(a). Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Bankruptcy Court's decision should be **affirmed**.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Debtor Contractor Technology, Ltd. ("Contractor Technology") filed a voluntary chapter 11 bankruptcy case on May 13, 2005. Contractor Technology issued a check to Varela on May 24, 2005, for $102,911.26, of which $85,456.35 is at issue in this appeal. Contractor Technology then issued a check to Varela on May 31, 2005, for $48,179.41, of which $151.11 is at issue in this appeal.

The United States Bankruptcy Trustee filed this adversary proceeding pursuant to 11 U.S.C. § 549 seeking avoidance of that portion of the two checks at issue on appeal.[1] The Bankruptcy Court granted the Trustee's Motion for Summary Judgment, holding that the funds represented by the checks were property of the bankruptcy estate and subject to avoidance. This appeal followed.

## II.  STANDARD OF REVIEW

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). Mixed questions of law and fact are reviewed *de novo*. *In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002). The date the transfer occurred is a mixed question of law and fact. *See Matter of Southmark Corp.*, 62 F.3d 104, 106 (5th Cir. 1995). This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

---

[1] The remaining funds represent payment for post-petition services and are not the subject of the avoidance proceeding.

**III.     ANALYSIS**

A transfer of property of a bankruptcy estate is subject to avoidance under 11 U.S.C. § 549 if the transfer occurred after the commencement of the bankruptcy proceeding and was not authorized by the Bankruptcy Court or the Bankruptcy Code. *See* 11 U.S.C. § 549; *In re Paxton*, 440 F.3d 233, 236 (5th Cir. 2006). In this case, it is undisputed that the checks were issued and negotiated post-petition and, therefore, that the transfer occurred after the commencement of the bankruptcy proceeding. It is also undisputed that the transfers were not authorized by the Bankruptcy Court or the Bankruptcy Code. Therefore, the only issue in this appeal is whether the transfers involved "property of the estate" as that term is used in § 549.

Appellant argues that the funds were not "property of the estate" because they were subject to a statutory trust under Texas law. Appellee argues, and the Bankruptcy Court held, that the funds were "property of the estate" because the estate had legal title to the funds in the estate's bank account notwithstanding Varela's equitable interest in the funds. This Court concludes that Appellee and the Bankruptcy Court are correct.

Texas Property Code § 162.001 provides that construction payments for work performed on certain realty improvement projects are trust funds. Section 162.003 provides that the provider of such construction services is "a beneficiary of any trust

funds paid or received in connection with the improvement." TEX. PROP. CODE § 162.003. Varela argues that the checks were construction payments that were trust funds and that it is a beneficiary of that trust. Varela argues that because the funds were trust funds, they were not "property of the estate" subject to an avoidance proceeding under § 549.

The Bankruptcy Court engaged in a thorough and well-reasoned analysis of the issue in this case. As the Bankruptcy Court noted, the Bankruptcy Code defines "property of the estate" to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Although Varela had an equitable interest in the funds pursuant to the Texas Property Code, the estate had legal title to the money because it was in the debtor's bank account post-petition. The legal title to the money became "property of the estate" and the trustee was entitled to summary judgment on the § 549 action, subject to Varela's equitable interest for which it is entitled to file a claim in the bankruptcy proceeding.

For the reasons stated by the Bankruptcy Court and herein, the decision below is affirmed.

## IV.   CONCLUSION AND ORDER

The funds at issue in this appeal were "property of the estate" and, as post-petition transfers, they are recoverable under § 549. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's May 11, 2006 decision and judgment are **AFFIRMED**.  The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **2nd** day of **November, 2006.**

_____
Nancy F. Atlas
United States District Judge